**IN THE COURT OF APPEALS OF IOWA**

No. 18-1779
Filed February 20, 2019

**IN THE INTEREST OF E.L.,**
**Minor Child,**

**L.C., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Union County, Monty Franklin, District Associate Judge.

　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

　　Adam Kehrwald of Kehrwald Law Firm, Des Moines, for appellant mother.

　　Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

　　Melissa S. Larson of Melissa S. Larson, P.C., Greenfield, guardian ad litem for minor child.

　　Considered by Vogel, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2017. She contends the State failed to prove the grounds for termination cited by the district court.

The mother had a history of substance abuse before and after her pregnancy. She admitted to marijuana and alcohol usage throughout the pregnancy and tested positive for amphetamines at two prenatal appointments. She also admitted to being under the influence of alcohol when she delivered. The child tested positive for THC and alcohol at birth and was discharged from the hospital to the mother's relatives.

The State petitioned to have the child adjudicated in need of assistance. The district court granted the petition. Eventually, the State petitioned to terminate the mother's parental rights to the child. Following a hearing, the district court granted the petition pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2018).

The mother does not challenge the evidence supporting section 232.116(1)(*l*). Accordingly, we could summarily affirm the termination order under that provision. *See In re D.V.*, No. 02-1658, 2002 WL 31528674, at *1 (Iowa Ct. App. Nov. 15, 2002) ("Although the trial court also cited section 232.116(1)(g) as additional grounds for terminating R.B.'s parental rights, she does not appeal from that determination. Her failure to do so waives any right to appeal that issue, and we are accordingly required to affirm the trial court's order terminating R.B.'s parental rights."). We elect to discuss one of the challenged grounds—section 232.116(1)(h).

Section 232.116(1)(h) requires proof of several elements including proof the child could not be returned to the parent's custody. The mother contends the State failed to satisfy this element because she was employed at the time of the termination hearing, "had her own residence," and "was regularly attending church and bible study as well as alcoholics anonymous." On our de novo review, we agree the mother made progress in these areas. However, her substance abuse remained an issue. The department of human services caseworker stated, "Throughout the case, even while she was in treatment, [the mother] struggled with sobriety." She tested positive for methamphetamine six months before the termination hearing and she "blew two times the legal limit" for alcohol four months before the termination hearing. As a result, she never transitioned beyond semi-supervised visits with her child and, at the time of the termination hearing, her visits were fully supervised.

We conclude the child could not be returned to the mother's custody at the time of the termination hearing. We affirm the termination of her parental rights pursuant to Iowa Code section 232.116(1)(h).

**AFFIRMED.**